# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
### Assigned on Briefs September 20, 2010

## JAMES DANIEL MARSHALL v. JENINE ESTELLE MARSHALL

**Appeal from the Circuit Court for Davidson County**
**No. 8D-3477      Carol Solomon, Judge**

---

**No. M2009-02463-COA-R3-CV - Filed November 16, 2010**

---

Husband appeals the entry of a default judgment and the resulting Final Decree in a divorce action. Wife filed a complaint for divorce; Husband filed an answer and counter-complaint. Later in the proceedings, Wife filed a motion for default judgment and other relief against Husband due to his failure to comply with the court's discovery deadline. The trial court entered an order granting a default judgment against Husband, striking his pleadings, and deeming Wife's discovery requests admitted. Husband timely filed a motion to set aside the order on the ground he did not receive proper notice of the hearing, which the trial court denied. We have determined that Husband did not receive proper notice; as a consequence the order granting the default judgment and other relief is void. Therefore, the trial court erred as a matter of law in denying Husband's motion to set aside the order. The court's failure to set aside the order also greatly impaired Husband's right to assert the defenses and affirmative claims that were stricken. Accordingly, the Final Decree is also reversed and we remand for a new trial of the issues properly raised by the parties in their pleadings subject, of course, to Husband complying with discovery and the trial court's orders.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed and Remanded

FRANK G. CLEMENT, JR., J., delivered the opinion of the Court, in which ANDY D. BENNETT and RICHARD H. DINKINS, JJ., joined.

James Daniel Marshall, Nashville, Tennessee, Pro Se.

Jennifer Sheppard, Nashville, Tennessee, for the appellee, Jenine Estelle Marshall.

## OPINION

Husband and Wife were married in 1996 in Florida. They have one child, a minor, who was born in 1997. The parties moved to Tennessee in 2008; shortly thereafter, Wife discovered Husband was having an affair. Husband left the marital residence in November 2008, and Wife filed for divorce on December 19, 2008, alleging the grounds of irreconcilable differences, inappropriate marital conduct, indignities, and adultery. In her complaint, Wife sought to be named the primary residential parent of the parties' minor child. On January 30, 2009, Husband filed an answer and counter-complaint. Husband admitted the ground of irreconcilable differences, but denied the ground of adultery, indignities, and inappropriate marital conduct. Husband also asserted affirmative defenses and sought to be named the primary residential parent of the minor child.

On February 25, 2009, an Agreed Order was entered naming Wife as the temporary primary residential parent of the child and granting Wife *pendente lite* child support and spousal support. On March 6, 2009, Husband filed a motion to determine the division of the parties' income tax refund and liabilities. The trial court issued an order on March 27 declining to address the tax issue. Wife filed an answer on May 5, 2009. On May 13, 2009, Husband filed a motion to change the *pendente lite* custody, which the trial court denied in a hearing entered on June 1, 2009. The order also stated a scheduling deadline that all discovery in the action was to be completed within forty-five days, making the deadline for completion July 6, 2009.

In the interim, on May 27, 2009, Wife submitted interrogatories and requests for production of documents to Husband. One week later, Wife submitted requests for admissions to Husband. Husband objected to the discovery in an email stating the requests were "overbroad" and "childish," but no motion was filed with the court.[1]

Husband did not comply with discovery. As a consequence, Wife filed a motion on July 17, 2009, pursuant to Tenn. R. Civ. P. 37.02 to have her requests for admissions deemed admitted and for a default judgment. A hearing was held on July 24, 2009, which Husband did not attend and no one appeared on his behalf. On August 3, 2009, the trial court entered an order granting a default judgment against Husband, striking his pleadings, and deeming Wife's requests for admissions admitted. The portion of the order granting the default

---

[1]Husband was initially represented by counsel in this action. At some point in the proceedings, Husband's attorney of record stopped participating; however, there is no record that his attorney filed a motion or was granted leave to withdraw. In any event, it appears Husband was pro se from this point forward.

judgment reads as follows: "The Plaintiff/Wife, Jenine Marshall, is hereby granted a judgment by default pursuant to Tennessee Rule of Civil Procedure 55.01." The default judgment did not specify the relief granted to Wife; specifically, the default judgment did not state whether Wife was granted a divorce or a ground for the divorce, it did not address the parenting plan or child support, and it did not divide the marital estate or address Wife's prayer for alimony. Therefore, a final hearing was necessary to address the remaining issues.[2]

On August 19, 2009, before the final hearing occurred, Husband filed a motion to set aside the August 3 order on the ground that he did not receive proper notice of the motion or hearing. A hearing on Husband's motion was held on August 28, 2009, following which the trial court denied the motion finding that Husband still had not complied with discovery and that the default judgment was a sanction for Husband's failure to comply.

The final hearing was held on September 28, 2009. The introductory paragraph of the Final Decree, which was entered on October 15, 2009, stated:

> This matter came on to be heard . . . upon the Complaint for Divorce filed by the Plaintiff/Wife, Jenine Marshall, a judgment of default having been granted against the Defendant/Husband, James Marshall, statements of Wife, corroborating witnesses, and of the Husband, and the entire record as a whole, the Court finds that the Plaintiff/Wife, should be awarded an absolute Divorce, from the Defendant/Husband, on the grounds of inappropriate marital conduct, indignities and adultery.

The Final Decree further ordered and decreed that Wife was the primary residential parent of the parties' minor child, adopted the Permanent Parenting Plan proposed by Wife – with minor changes to the parenting schedule, set child support, awarded Wife rehabilitative alimony for twelve months at $700 per month, awarded Wife the 2008 income tax refund of $3,702.43 as alimony *in solido*, divided the marital estate, and awarded Wife her attorney's fees of $7,490.29. Husband filed a timely appeal.

---

[2]Tenn. R. Civ. P. 55.01 states in pertinent part:

> If, in order to enable the court to enter judgment or to carry it into effect, it is necessary to take an account or to determine the amount of damages or to establish the truth of any averment by evidence or to make an investigation of any other matter the court may conduct such hearings or order such references as it deems necessary and proper and shall accord a right of trial by jury to the parties when and as required by any statute.

ANALYSIS

Husband raises several issues on appeal, however, we have determined that one issue is dispositive, that being the trial court's failure to set aside the order of August 3, 2009 because it is void.[3]

"A party, upon reasonable notice to other parties and all persons affected thereby, may apply for an order compelling discovery. . . ." Tenn. R. Civ. P. 37.01. If a party fails to answer an interrogatory submitted under Rule 33, the discovering party may move for an order compelling an answer. Tenn. R. Civ. P. 37.01(2). If a party fails to obey an order to provide discovery, or if a party fails to obey an order entered under Rule 26.06, the court may make such orders in regard to the failure as are just.[4] Tenn. R. Civ. P. 37.02. Options stated in the rule include:

(A)  An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order;

(B) An order refusing to allow the disobedient party to support or oppose designated claims or defenses, or prohibiting that party from introducing designated matters in evidence;

(C) An order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party;

Tenn. R. Civ. P. 37.02(A)-(C).

"When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules and that fact is made to appear by

---

[3]Wife argues that Husband should not be allowed to assert insufficient notice as a defense since he filed other motions in the proceedings that also failed to comply; however, those motions are not before this court. Wife's contention that Husband's motion to set aside the default did not comply with the rules is not persuasive as Wife did not raise this in her response to the motion and therefore she waived the issue.

[4]It should be noted that when Wife filed her motion for discovery sanctions and default, Husband had not failed to comply with an order issued pursuant to Tenn. R. Civ. P. 37.01(2) compelling discovery or failed to obey an order entered under Tenn. R. Civ. P. 26.06.

affidavit or otherwise, judgment by default may be entered. . . ."[5] Tenn. R. Civ. P. 55.01. The rule goes on to provide that the party "against whom a default judgment is sought *shall* be served with a written notice of the application for judgment *at least five days before the hearing on the application*, regardless of whether the party has made an appearance in the action." Tenn. R. Civ. P. 55.01 (emphasis added). If service of the motion is made by mail, as was the case here, an additional three days is required. Tenn. R. Civ. P. 6.05; Tenn. R. Civ. P. 55.01 adv. commission cmt. Pursuant to Tenn. Code Ann. 6.01, holidays and weekends are excluded from the calculation since the time period is shorter than eleven days.[6]

Wife placed her motion for default and sanctions in the mail on July 17, 2009. Based upon our calculation, the earliest permissible hearing date was July 28, 2009; however, the hearing was held on July 24, 2009. Moreover, no one appeared on behalf of Husband at the hearing.

Husband filed a timely motion to set aside the order that resulted from the July 24 hearing on the ground that the notice was insufficient. Tenn. R. Civ. P. 55.02 expressly authorizes a court to set aside a default judgment "for good cause," in accordance with Tenn. R. Civ. P. 60.02. Reasons under Rule 60.02 include: mistake, inadvertence, surprise, excusable neglect, or *a finding that the judgment is void*.

In a case with surprisingly similar facts as here, *Frierson v. Johnson*, No. M2006-02598-COA-R3-CV, 2008 WL 555721, at *1 (Tenn. Ct. App. Feb. 28, 2008), we held that an order granting a default judgment was void because the order resulted from a hearing on a motion for which the defendant received insufficient notice. As is the case here, a default judgment was granted pursuant to Tenn. R. Civ. P. 37.02 as a sanction for failure to comply with discovery. *Id*. at *2. The defendant in *Frierson* sought to set the order aside because he

---

[5]In addition to our comment in footnote 4, it should also be noted that when Wife filed her motion for default, Husband had not "failed to plead or otherwise defend" as contemplated in Tenn. R. Civ. P. 55.01; to the contrary, Husband had previously filed a proper answer.

[6]Tenn. R. Civ. P. 6.01 states in its entirety:

In computing any period of time prescribed or allowed by these rules, by order of court, or by any applicable statute, the date of the act, event or default after which the designated period of time begins to run is not to be included. The last day of the period so computed shall be included unless it is a Saturday, a Sunday, or a legal holiday, or, when the act to be done is the filing of a paper in court, a day on which weather or other conditions have made the office of the court clerk inaccessible, in which event the period runs until the end of the next day which is not one of the aforementioned days. When the period of time prescribed or allowed is less than eleven (11) days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation.

did not receive proper notice of the motion for default. *Id*. As occurred here, the trial court denied the motion to set aside the order; however, we held that the trial court erred in granting a default judgment, dismissing the defendant's counter-complaint, and in denying the motion to set the order aside. *Id*. at *7. We determined that "the trial court abused its discretion in failing to grant [the defendant's] motion for Rule 60 relief due to the premature hearing in violation of the procedural requirements of Tenn. R. Civ. P. 55.01," because the default judgment was void. *Id*. In explaining its reasoning, the *Frierson* court quoted from two opinions, *Decker v. Nance*, E2005-2248-COA-R3-CV, 2006 WL 1132048 (Tenn. Ct. App. Apr. 6, 2006) and *Churney v. Churney*, No. 02A01-9211-CV-00326, 1993 WL 273891, at *2 (Tenn. Ct. App. July 22, 1993), stating that "the showing of a meritorious defense is not required 'where the default judgment was procured in violation of the Rules of Civil Procedure.'" *Id*. at *5.

As we noted earlier, Husband did not receive proper notice of the motion and hearing as the Tennessee Rules of Civil Procedure require. Therefore, as a matter of law, the August 3 order resulting from that hearing is void. *Id*.

When a party seeks to set aside an order that was procured in violation of the Tennessee Rules of Civil Procedure "the showing of a meritorious defense is not required. *Id*. (citing *Decker*, 2006 WL 1132048, at *3; *Churney*, 1993 WL 273891, at *2). The record reveals, however, that the trial court denied Husband's motion to set aside the August 3 order because he had not yet responded to discovery and the order was a sanction for his failure to do so. Rule 37.02 sanctions are appropriate when a party fails to comply with discovery or the trial court's orders; that, however, was not the issue in Husband's motion to set aside the August 3 order.[7] The issue was whether the August 3 order was void due to insufficient notice and it was. Therefore, the trial court erred by applying an incorrect legal standard in denying Husband's motion to set aside the August 3, 2009 order. *See Doe 1 ex rel. Doe 1 v. Roman Catholic Diocese of Nashville*, 154 S.W.3d 22, 42 (Tenn. 2005) (stating an abuse of discretion will be found "where the trial court applied an incorrect legal standard").

Accordingly, we remand with instructions that the trial court set aside the August 3 order in which it granted the default judgment, struck Husband's pleadings, and deemed Wife's requests for admissions admitted by Husband.

---

[7]We must emphasize, however, that aside from the insufficient notice, which was Wife's fault, not the fault of the trial court, the trial court was acting within its discretion when it entered a default judgment, struck Husband's pleadings, and deemed Wife's requests for admissions admitted by Husband. Moreover, we do not condone Husband's disregard of the deadline set by the trial court, and, like all litigants, Husband must comply with deadlines properly established by the trial court and comply with the rules of discovery.

Our decision also requires us to examine what occurred in the trial court following the decision to deny Husband's motion to set aside the August 3, 2009 order. After the trial court denied Husband's motion, the case went to trial solely on Wife's complaint for divorce since Husband's pleading had been stricken, a default judgment had been entered, and he had been precluded from challenging the evidence he had been deemed to have admitted. Accordingly, Husband's ability to oppose Wife's case and to present his case at trial was unjustly impaired by the trial court's denial of Husband's motion to set aside the August 3, 2009 order, which constitutes grounds for reversing the Final Decree. Accordingly, we also reverse the Final Decree and remand this case for further proceedings consistent with this opinion.

## IN CONCLUSION

The judgment of the trial court is reversed, and this matter is remanded for further proceedings in accordance with this opinion. Costs of appeal are assessed against the parties equally.[8]

_____
FRANK G. CLEMENT, JR., JUDGE

---

[8]The other issues raised by Husband on appeal are moot, and, as we have ruled against Wife in this appeal, we deny her requests for attorney's fees. Moreover, our decision to assess costs equally against the parties is due to the fact that this appeal would not have been necessary had Husband complied with discovery and the trial court's orders.